Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Maricarmen Bonilla Alverio, M.D.P.B., Menor Representado por Maricarmen Bonilla Alverio, Myrna Enid Pérez López y Otros<br><br>Recurrido<br><br>vs.<br><br>Metro Hato Rey, Inc. H/N/C Hospital Pavía Hato Rey, Emergency Physician Providers LLC, Dr. Daniel Roques Arroyo por si y en Representación de su Sociedad Legal de Gananciales Compuesta con Jane Doe y Otros<br><br>Peticionarios | KLCE202401177 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br><br>Civil Núm.:<br>SJ2022CV08969<br><br><br><br>Sobre:<br>Impericia Médica |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 08 de noviembre de 2024.

Comparece ante nos, el Dr. Daniel Roques Arroyo, la Dra. Kamir Garcés Mejías y la aseguradora de ambos, SIMED (en conjunto, peticionarios), quienes presentan recurso de *Certiorari* en el que solicitan la revocación de la "Minuta" emitida el 9 de septiembre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario denegó el nuevo perito propuesto por el Dr. Roques Arroyo.

---

[1] Notificada el 10 y enmendada el 26 de septiembre de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El 12 de octubre de 2022, la señora Maricarmen Bonilla Alverio, por sí y en representación de la menor Maridi Dinebe Pérez Bonilla (en lo sucesivo, recurridas) presentó una "Demanda" por daños y perjuicios e impericia médica contra, entre otros codemandados, los peticionarios. En resumidas cuentas, alegó que los peticionarios fueron negligentes y causaron que su esposo, el Sr. Diego Pérez López, falleciera. Reclamó $450,000.00 en daños morales, $500,000.00 por las angustias mentales sufridas por la menor, $1,000,000.00 en concepto de lucro cesante, $100,000.00 en daños heredados, una suma adicional de $4,600.000.00 en daños, más intereses, costas, gastos y honorarios de abogado.

Luego de varias incidencias procesales innecesarias pormenorizar, el 9 de septiembre de 2024, se celebró una vista transaccional a la cual comparecieron ambas partes. En lo que nos concierne, los peticionarios solicitaron que se les permitiera utilizar un nuevo perito neurocirujano. Escuchada la posición de ambas partes, el Tribunal de Primera Instancia emitió una "Minuta" en la cual dispuso que no existía justificación para permitir la nueva prueba pericial.[2]

Posteriormente, el 13 de septiembre de 2024, el Dr. Roques Arroyo presentó una "Moción Solicitando se aclare Orden del Tribunal", y solicitó al foro primario que clarificara si su petición fue denegada.

---

[2] Esta "minuta" fue enmendada el 26 de septiembre de 2024, a los efectos de mencionar que "Se declara no ha lugar la solicitud de la parte codemandada Dr. Daniel Roques Arroyo para contratar nuevo perito". Véase, apéndice pág. 405.

Ese mismo día, entiéndase, el 13 de septiembre de 2024,[3] el foro recurrido emitió una "Orden" mediante la cual dilucidó que la solicitud del nuevo perito fue denegada.

Inconforme, el 19 de septiembre de 2024, el Dr. Roques Arroyo presentó una "Moción de Reconsideración", y reiteró su solicitud en cuanto a que se le permita utilizar el informe y testimonio del médico neurocirujano. Las recurridas se opusieron mediante "Replica a Moción de Reconsideración" presentada el 27 de septiembre de 2024.

Atendidas las posturas de ambas partes, el 30 de septiembre de 2024,[4] el foro *a quo* declaró No Ha Lugar la "Moción de Reconsideración" presentada por el Dr. Roques Arroyo.

Insatisfechos con el dictamen, los peticionarios recurren ante este foro apelativo intermedio, y señalan la comisión del siguiente error, a saber:

> *Erró o abusó de su discreción el Tribunal de Primera Instancia al denegar el uso de prueba pericial en neurocirugía que fue anunciada y cuya opinión pericial fue resumida en un informe pericial notificado a las partes estando activo el descubrimiento de prueba*

**II.**

**-A-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, DPR 213 ____. Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves,*

---

[3] Notificada en igual fecha.
[4] Notificada ese mismo día.

209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power. Inc. v. Junta de Subasta ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).*

Por otro lado, el reglamento de este Tribunal enumera los criterios que debemos considerar para poder decidir si atendemos o no las controversias que son planteadas ante nos. *Pueblo v. Ríos Nieves*, *supra*, a la pág. 274. En específico, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40,

establece que, al determinar si un recurso fue presentado oportunamente, debemos considerar los siguientes factores:

*(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

A tenor, nos corresponde evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra*, a la pág. 415. En cambio, un recurso desestimado por prematuro

permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que cuando el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power. Inc. v. Junta de Subasta ASG, supra.*

**-B-**

La Regla 32(b) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32(b), regula, entre otros asuntos, lo concerniente a las órdenes o resoluciones judiciales contenidas en minutas. En particular, dicha regla dispone que:

> *(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. […]*
>
> *La minuta original se unirá al expediente judicial. […]*
>
> *[…]*
>
> *La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, **en cuyo caso será firmada por el juez o la jueza** y notificada a las partes.*
>
> *La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.*
>
> […] (Énfasis suplido).

Como puede apreciarse, esta regla exige que, cuando el magistrado emite una resolución u orden en corte abierta, la minuta sea notificada a las partes. A su vez, añade como requisito que, en estos casos, el juez que emitió el dictamen deberá firmar dicha minuta. Es decir, para que la orden o resolución acogida en una minuta tenga legitimidad y eficacia, es indispensable que el

juez que emitió el dictamen interlocutorio le imprima validez y certeza a su determinación con su firma. *Pueblo v. Ríos Nieves*, *supra*. En consecuencia, si se incumple con este requisito de forma, entiéndase, si la minuta no está firmada, se priva de jurisdicción al foro revisor. *Íd.* Sin embargo, cuando el juez no firme la minuta que recoge la orden o resolución que se dictó en corte abierta, la fecha para recurrir en revisión de dicha determinación interlocutoria "comenzará a transcurrir a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen". *Íd.*

**III.**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado.

Según se desprende de los hechos del caso de autos, el Tribunal de Primera Instancia, luego de escuchar la posición de ambas partes, declaró No Ha Lugar la solicitud de los peticionarios para que se les permitiera utilizar un nuevo perito neurocirujano. Dicha determinación quedó recogida en la "Minuta" emitida y notificada el 9 de septiembre de 2024, **la cual no está firmada por la jueza que emitió la determinación interlocutoria**. **Tampoco está firmada la "Minuta Enmendada" del 26 de septiembre de 2024**.

Cónsono con el marco legal antes expuesto, la Regla 32(b) del Reglamento para la Administración del Tribunal de Primera Instancia, *supra*, exige que, cuando el magistrado emite una resolución u orden en corte abierta, se cumplan dos cosas: (1) que la minuta sea notificada a las partes, y (2) **que el juez que emitió el dictamen firme dicha minuta**. Este último requisito es indispensable, y su incumplimiento priva, por el momento, de jurisdicción a este tribunal.

Nos encontramos ante un recurso **prematuro**, ya que la fecha para recurrir ante este foro apelativo no ha comenzado a transcurrir, sino hasta que la "Minuta" sea notificada a las partes, **y aprobada con la firma de la jueza que emitió el dictamen**. Hasta tanto, estamos impedidos de entrar en los méritos de la presente controversia

Aclaramos que, lo aquí resuelto no impide que los peticionarios comparezcan nuevamente ante esta segunda instancia judicial dentro del término jurisdiccional dispuesto por nuestro ordenamiento legal, una vez el foro *a quo* emita su dictamen conforme a lo aquí dispuesto.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de *Certiorari*, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones